## THOMAS PAUL RAIMONDI *v.* STATE OF MARYLAND

[No. 471, September Term, 1969.]

*Decided January 23, 1970.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Leon H. A. Pierson* and *Ronald L. Spahn* for appellant.

*Francis B. Burch, Attorney General, John J. Garrity, Assistant Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City* for appellee.

MURPHY, C.J., delivered the opinion of the Court.

The appellant Raimondi was indicted on December 19, 1968 and charged with attempted bribery of a member of the Senate of Maryland. On February 6, 1969 appellant filed a motion to dismiss the indictment alleging

therein that his case had received such widespread publicity due to certain statements made by the State's Attorney of Baltimore City to the news media that he could not obtain a fair trial anywhere in the State of Maryland "in the foreseeable future."

An evidentiary hearing was conducted on the motion to dismiss on June 23, 1969 and July 2, 1969. On September 26, 1969, the motion was denied, the court concluding, after setting forth a detailed statement of its factual findings, that the appellant Raimondi could presently receive a fair trial in the State of Maryland. From this determination, the appellant filed his order for appeal to this court on October 6, 1969. The State moved to dismiss the appeal under Maryland Rule 1035 on the ground that we were without jurisdiction to hear the appeal as it was taken from a pretrial interlocutory order—not a final judgment—and henceforth was not immediately appealable.

Under Maryland Code, Article 5, Section 12, "a defendant in a criminal action [with exceptions not here pertinent] may appeal to the Court of Special Appeals from any conviction where the sentence is other than death * * *." Under Maryland Rule 1035, the Court of Special Appeals is directed "not [to] entertain or consider an appeal taken from a *pro forma* order or judgment," and is required by the Rule to dismiss such appeals "as prematurely taken." The cases have long recognized the principle that an appeal in a criminal case is premature until after final judgment, *viz.*, that appeals from interlocutory orders of the trial court in criminal cases are not allowed. See *Pearlman v. State*, 226 Md. 67; *Eggleston v. State*, 209 Md. 504; *State v. Harman*, 199 Md. 209; *State v. Haas*, 188 Md. 63; *State v. Mather*, 7 Md. App. 549; *Harris v. State*, 6 Md. App. 7; *Greathouse v. State*, 5 Md. App. 675. In *Lee v. State*, 161 Md. 430, decided in 1931, the Court of Appeals held that "its jurisdiction is limited to the reviewing of final actions of the trial court;" accordingly, it declined to "take up cases from the trial courts piecemeal." Were it otherwise, the *Lee* court said, "then proceedings in every criminal case,

great or small, may be stopped and delayed while the accused prosecutes an appeal * * *" on matters preliminary to trial on the merits of the case. And this, continued the court in *Lee,* "would add just so much to the resources of those who might find vexatious delays advantageous, and would multiply appeals in criminal cases, often when acquittals, in the end, would render them profitless." The precise holding in *Lee* was that the selection of the forum to which a capital case had been removed was within the lower court's discretion and was not a final order immediately reviewable on appeal. Conversely, the court recognized that had there been a refusal to grant the accused his absolute Maryland constitutional right in a capital case to such removal, such a determination would have amounted to a final judgment on the constitutional right and as such would have been immediately open to review on appeal. *Lee* concluded, on authority of *Tidewater Portland Cement Co. v. State,* 122 Md. 96, that "only decisions on claims of such absolute constitutional rights have been held reviewable at once," and that "orders within the discretion of the lower courts [such as whether to remove a non-capital case] are, on the contrary, not final orders within the meaning of the rules governing the jurisdiction of this court, and are therefore not immediately reviewable, if reviewable at all."

In *Pearlman v. State, supra,* at page 71, the Court of Appeals stated the rule in these terms:

"There has been applied through the years a corollary to the rule that there can be no appeal except from a final judgment. Action of a trial court which denies an absolute constitutional right, although seemingly interlocutory, will be reviewed by this Court without requiring the complainant to proceed to final judgment and then seek review of the challenged action on appeal from that judgment. The corollary is subject to the qualification that even though a constitutional right is involved, action of the lower

court rightfully exercising discretion as to the functioning of the right will not be so reviewed."

The court held in *Pearlman* that a ruling by the lower court recognizing that the defendant was indigent but nevertheless denying him the right to pursue a motion for a new trial as an indigent constituted a final judgment on a constitutional right, from which an immediate appeal would lie, since it terminated the right of the indigent accused to further litigate his case.

We think it clear that *Lee* and *Pearlman* share this common thread: that in a criminal proceeding, where the lower court, prior to trial, recognizes the applicability of a particular constitutional right, but nevertheless refuses to apply it in the accused's case, then such action constitutes a final judgment since it involves the nondiscretionary refusal of the court to grant the accused an absolute constitutional right; but it is otherwise where the lower court makes a determination, based on the facts and circumstances of the case, that the constitutional right is not applicable to the accused's case, for in that event, as stated by the court in *Pearlman,* "even though a constitutional right is involved, action of the lower court rightfully exercising discretion as to the functioning of the right will not be so reviewed." [1]

By way of apparent exception to its rulings in *Lee* and *Pearlman,* the Court of Appeals has consistently held that an immediate appeal will lie, prior to a trial on the merits of the case, from a refusal to grant a motion asserting a denial of the constitutional right to a speedy trial. See *Jones v. State,* 241 Md. 599; *Harris v. State,* 194 Md. 288. The court's reasoning appears based, in part at least, on the thought expressed in *Harris* at page 294 that should the accused prevail on his motion he would thereby "become entitled to be freed of further

---

1. In *Smith & Whisman v. State,* 2 Md. App. 72, we recognized that in capital cases the refusal to grant a removal at any time before the jury panel is completed amounts to a final judgment on a constitutional right and is immediately reviewable. The right is absolute, and no discretion "as to the functioning of the right" is ever involved.

proceedings" in the case. On the authority of these cases, we have recognized in countless cases the right of accused persons to file an immediate appeal in such cases —most have been patently frivolous, see *Westmoreland v. State,* 8 Md. App. 482 (1970) ; some have not been frivolous, see *Wilson v. State,* 8 Md. App. 299 (1969).[2] And consistent with the apparent rationale underlying the right to take an immediate appeal on the ground of alleged violation of the constitutional right to a speedy trial, we held in *Brown v. State,* 2 Md. App. 388, that an immediate appeal would lie, prior to trial on the merits, from the denial of a motion asserting a violation of the constitutional right not to be twice placed in jeopardy for the same offense. But whether a person has been denied a speedy trial or is being placed in double jeopardy will usually turn on the facts and circumstances present in the particular case; and, at least with the exception of those cases where the trial judge concludes that the right exists and is applicable but nevertheless refuses to apply it, the determination of the question by the lower court would always seem to involve an application of judicial discretion "as to the functioning of the right" squarely within the rules enunciated in *Pearlman* and *Lee* prohibiting immediate appeals from interlocutory orders.

Whether a real distinction exists between the rationale underlying *Lee* and *Pearlman,* on the one hand, and *Harris, Jones* and *Brown,* on the other, makes little difference in appellant's case, since under none of these cases would he have a right to an immediate appeal from the denial of his pretrial motion to dismiss the indictment. As heretofore indicated, appellant's motion asserted that, because of the adverse pretrial publicity, he could not receive a fair trial in the State of Maryland "in the foreseeable future." He contends now that, as a result of such publicity, he has been denied his state and federal

---

2. There is no such right to an immediate appeal where the lower court defers its ruling on the motion until the conclusion of the trial on the merits. See *Harris v. State,* 6 Md. App. 7.

constitutional right to be tried by a jury in Baltimore City—the jurisdiction where the alleged crime occurred and in which he was born and reared. He alleges that he will be forced, against his will, and in violation of his constitutional rights, to remove the case from Baltimore City, and that even though removed, he cannot receive a fair trial anywhere in the State because the adverse publicity "covered the State from the mountains of Western Maryland to the shores of the Atlantic Ocean." Even if these allegations were true, appellant would not thereby become forever entitled to be freed of the proceedings against him; his remedy would not be a dismissal of the indictment, but rather, at most, a right to delay the trial until such time as the effect of the publicity was no longer prejudicial. It appears equally clear that the issue before the trial judge was one calling for the exercise of judicial discretion—a finding by him, based on the evidence adduced at the hearing—as to the merits of appellant's motion. In concluding from the evidence that the appellant could presently receive a fair trial in Maryland, including Baltimore City, the trial judge "rightfully"—indeed necessarily — exercised his discretion under *Pearlman* "as to the functioning of the [constitutional] right." The issue before us is not whether in so ruling the trial judge abused his discretion and committed prejudicial error; rather, it is whether an immediate appeal lies from that interlocutory order, and, as indicated, we hold that it does not. Upon similar reasoning, we have concluded that there is no right to file an immediate appeal from a denial of a pretrial motion to suppress evidence allegedly seized in contravention of the Fourth Amendment to the federal constitution, *Harris v. State,* 6 Md. App. 7, and *Pearce v. State,* 8 Md. App. 477 (1970); from an order overruling the defendant's constitutionally grounded exceptions to the State's answer to his motion for discovery and inspection, *Dodson v. State,* 8 Md. App. 478 (1970); from the granting of the State's motion in a noncapital case for a change of venue, *Davis v. State,* 8 Md. App. 480 (1970);

from refusal to grant a motion to dismiss an indictment on the ground that the State's witnesses had made pretrial identifications of the accused in contravention of the principles enunciated in *United States v. Wade,* 388 U. S. 218, *Gilbert v. California,* 388 U. S. 263, and *Stovall v. Denno,* 388 U. S. 293, see *Powers v. State,* 8 Md. App. 487 (1970) ; or from refusal to grant a motion to dismiss indictments on the ground that they were technically defective, *Greathouse v. State, supra.* See also *Kardy v. Shook,* 237 Md. 524, holding that an order of the trial court permitting the taking of a pretrial deposition is interlocutory in nature and not immediately appealable.

The further question presenting itself is whether the lower court is divested of jurisdiction to proceed with the trial of the case upon the filing of an order for appeal from a nonappealable, interlocutory pretrial order. The Court of Appeals has held that the perfecting of an appeal brings the subject matter thereof within the exclusive jurisdiction of the appellate court and suspends the authority of the lower court over it during the pendency of the appeal; that the lower court lacks jurisdiction to take any further action in the case with respect to the subject matter of the appeal until the receipt of the mandate of the appellate court, after the appeal has been heard and decided. See *Vancherie v. Siperly,* 243 Md. 366; *State v. Jacobs,* 242 Md. 538; *Bullock v. Director,* 231 Md. 629.[3] Thus, in *Westmoreland v. State, su-*

---

3. In *Bullock,* the court said at page 633:
"An appeal to this Court from a *nisi prius* court does not necessarily stay all further proceedings in the trial court, nor does it strip said court of all power over the proceeding in which the appeal has been taken. The trial court may act with reference to matters not relating to the subject matter of, or affecting, the proceeding; make such orders and decrees as may be necessary for the protection and preservation of the subject matter of the appeal; and it may do anything that may be necessary for the presentation of the case in this Court, or in furtherance of the appeal. But, when an appeal is taken, it does affect the operation or execution of the order, judgment or decree from which the appeal is taken, and any matters embraced therein. After the appeal has been perfected, this Court is vested with the exclusive power and

*pra,* we held that the trial court had no jurisdiction to try the accused after he filed an appeal from the court's pretrial refusal to grant his motion to dismiss the indictment for violation of his asserted constitutional right to a speedy trial. But we find nothing in these cases requiring us to hold that the lower court automatically loses jurisdiction to proceed with the trial of an accused simply upon the filing of an appeal from a pretrial ruling of the court which, under the cases, is recognized as an interlocutory order, not immediately reviewable on appeal as constituting a final judgment denying a constitutional right. See *Powers v. State, supra,* holding that the trial court was not divested of jurisdiction to try the accused when he appealed from the court's denial of his motion to dismiss the indictment because of alleged violations of his constitutional rights under the *Wade-Gilbert-Stovall* trilogy of cases. To hold otherwise would be to sanction that which the court in *Lee v. State, supra,* deemed so distinctly odius—the stopping of criminal trials by filing appeals from interlocutory orders. If the accused in a criminal case could deprive the trial judge of jurisdiction to try and determine his case by taking an appeal from a nonappealable interlocutory order, then he would be vested with the power to "paralyze the administration of justice in the [courts] by the simple expedient of doing what the law does not allow him to do, *i.e.,* taking an appeal from an order which is not appealable." See *Veazey v. City of Durham,* 57 S.E.2d 377, 383 (N.C.). We hold then that in such circumstances the lower court is not, by reason of the filing of an appeal, divested of jurisdiction and need not stay further proceedings in the case.

> *Appeal dismissed; costs to be paid by appellant; the mandate of this court to issue forthwith.*

---

jurisdiction over the subject matter of the proceedings, and the authority and control of the lower court with reference thereto are suspended."