## HERMAN POWERS *v.* STATE OF MARYLAND

[No. 203, September Term, 1969.]

*Decided January 23, 1970.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Alexander R. Martick* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Neil Helfrich, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

On May 29, 1968 at approximately 3:35 p.m., Hyman Sussman was robbed at gun point of $304.00 at a pharmacy which he operated. On June 4, 1968 appellant was arrested and charged with the crime. On June 6, 1968 he was identified at a police lineup as the robber by Gwendolyn Keys, an eyewitness to the crime. Thereafter, the case was set for trial on the morning of May 13, 1969. Appellant's counsel was involved in a civil case that morning, and notified the court that he could not begin appellant's trial until 2:00 p.m. that day. At approximately 1:30 p.m. appellant's counsel again phoned the trial judge, telling him that his civil trial was still in progress and that he was therefore not certain when he would arrive. At the time the court received this message, the prosecutor, the Clerk and the jail guard had left for lunch and the message was not communicated to them. The jail guard assigned to appellant's case brought him into the courtroom in handcuffs at 2:00 p.m. The prosecuting witnesses—Sussman, Keys, and a detective— were present at that time and saw the appellant. The judge was not then in court. An unidentified person asked the jail guard whether the handcuffed man was the appellant Powers and the guard replied in the affirmative. Neither Sussman nor Keys overheard the guard's comment. Appellant's counsel arrived in the courtroom at 3:00 p.m. to begin the trial, at which time it was decided to reschedule the trial for May 15. Upon learning that appellant had been brought into the courtroom by the jail guard and exposed to the view of the prosecuting witnesses, appellant's counsel filed a motion to dismiss the indictment, alleging therein that appellant had been

"intentionally and deliberately exposed to view by the State to the alleged eyewitnesses;" that as counsel was not present at such confrontation, appellant had been denied the assistance of counsel; and that as a result, he could not "receive a fair and impartial trial" and had "been denied due process of law." The motion sought alternative relief, namely a ruling by the court prohibiting the State from using Keys, Sussman and the detective as witnesses at the trial.

The trial judge held an evidentiary hearing on appellant's motion, at the conclusion of which he ruled that neither Keys nor Sussman heard the jail guard identify appellant Powers; and that there was no evidence to show that the State deliberately exposed appellant to the view of the prosecuting witnesses but, on the contrary, the incident was entirely due to inadvertence. The court denied the motion to dismiss the indictment and refused to prohibit the prosecuting witnesses to testify at the trial. Appellant promptly filed a written appeal with the Clerk of the court from the court's denial of his motion to dismiss the indictment.

The case proceeded to trial before a jury over appellant's objection. The *corpus delicti* was established through the testimony of Sussman. He was not asked to, nor did he identify the appellant as the robber. Robert Cox, an employee of the pharmacy, testified that he was unable to make any identification of appellant as the robber. In view of appellant's pretrial objection to the prospective in-court identification of him by Gwendolyn Keys, she first testified out of the presence of the jury concerning the fact that she had identified appellant as the robber at a police lineup held on June 6, 1968. Two detectives then testified in the presence of the jury and confirmed the fact of the extrajudicial identification made by Mrs. Keys at the lineup. In the presence of the jury, Mrs. Keys identified appellant as the robber. She stated that she had seen him for a period of three or four minutes during the robbery—at a distance of from two or three feet. She testified that she had previously identi-

fied appellant at a police lineup on June 6, 1968, but that her in-court identification was based solely on her observation of appellant during the robbery. Appellant then moved to strike out her testimony on the ground that her in-court identification was tainted because of the pretrial confrontation in the courtroom on May 13, 1969. The court denied the motion, and appellant was thereafter convicted by the jury and sentenced to fifteen years imprisonment.

Appellant contends that he had an immediate right to appeal to this court from the denial of his motion to dismiss the indictment, and that consequently the trial judge erred in forcing him to stand trial during the pendency of the appeal. We disagree. Nothing in *United States v. Wade,* 388 U. S. 218, *Gilbert v. California,* 388 U. S. 263, or *Stovall v. Denno,* 388 U. S. 293, even remotely suggests dismissal of an indictment as an appropriate sanction for violations of the constitutional principles therein enunciated; at most, identification evidence obtained in violation of such cases may be ruled inadmissible at the trial. Where, as here, the trial judge determined from the evidence adduced on the motion to dismiss that the pretrial confrontation in the courtroom did not violate appellant's constitutional rights in any of the particulars claimed by him, the court was rightfully exercising discretion vested in it; and for reasons set out in detail in *Raimondi v. State,* 8 Md. App. 468 (1970), we hold that the lower court's order denying the motion to dismiss was interlocutory in nature and not a final judgment on a constitutional right from which an immediate appeal would lie. Nor did the lower court lose jurisdiction to proceed with the trial of the case by reason of the filing of the appeal from a non-appealable order. See *Raimondi v. State, supra.*

Other contentions raised by appellant on this appeal are equally without merit. The police lineup at which Gwendolyn Keys identified appellant was not shown to be illegal; the evidence showed that appellant signed a written waiver of the right to counsel at the lineup under

circumstances indicating that it was done voluntarily and intelligently within the rules governing the waiver of federal constitutional rights; *see Johnson v. Zerbst*, 304 U. S. 458, and *Gross v. State*, 8 Md. App. 341 (1969) ; the courtroom pretrial confrontation between appellant, Keys and Sussman was not of a type within the strictures of *United States v. Wade; see Tyler v. State*, 5 Md. App. 265, nor did the State adduce any evidence that its witnesses made an extrajudicial identification of appellant at that time; and in any event there was clear and convincing proof that the in-court identification made by Keys at the trial was based solely upon her observations of appellant at the time of the robbery.

*Judgment affirmed.*