## DANIEL DAVIS *v.* STATE OF MARYLAND

[No. 501, September Term, 1969.]

*Decided January 23, 1970.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Leroy W. Carroll* for appellant.

*Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* for appellee.

MURPHY, C.J., delivered the opinion of the Court.

Appellant Davis, a former police officer, was indicted in Baltimore City and charged under a number of indictments with bribery, conspiracy, lottery and narcotics

violations and malfeasance in office. Subsequently, the State filed a motion for a change of venue, alleging therein that the State could not obtain a fair trial in Baltimore City because of highly inflammatory and prejudicial newspaper publicity which aroused public indignation and incited public prejudice against the State's Attorney and Police Department of Baltimore City. The appellant answered the State's motion, contending that it was prematurely filed, that it was based on legally insufficient facts and, if granted, would deny him due process of law and his constitutional right to a speedy trial. After a hearing, the court, in a memorandum opinion, granted the State's motion and removed the case for trial to Howard County.

The appellant filed an immediate appeal to this court from the lower court's ruling granting the State's motion to change venue. In his order of appeal, appellant asserted it was based "Upon the court's denial of the defendant's right to a speedy trial and for other reasons to be set forth in Defendant's brief." While it does not appear that the lower court ever ruled on any motion filed by appellant for a speedy trial, the State moved to dismiss the appeal on the ground that the lower court's order was interlocutory in nature and did not constitute a final judgment from which an immediate appeal could be taken.

The State, as well as the defendant in a criminal case, is entitled to seek a change of venue, and the power of the court to order removal upon the State's application is well settled. See Maryland Constitution, Article 4, Section 8; Maryland Code, Article 75, Section 44; Maryland Rule 738; *McMillan v. State*, 68 Md. 307; *State v. Brown*, 295 F. Supp. 63 (D.C. Md.). The question before us is not whether the lower court abused its discretion in granting the State's motion for change of venue; rather, it is whether the order of the lower court granting the motion is immediately appealable. We hold that it is not. The lower court's ruling involved the exercise of

judicial discretion and did not amount to the denial of an absolute constitutional right from which an immediate appeal can be taken under the principles enunciated in *Pearlman v. State,* 226 Md. 67, *Lee v. State,* 161 Md. 430, and *Raimondi v. State,* 8 Md. App. 468 (1970).

> *Appeal dismissed; costs to be paid by appellant; the mandate of this court to issue forthwith.*