## IN RE MARTIN

[Nos. 318 and 345, September Term, 1970.]

*Decided November 10, 1970.*

386

The cause was argued before MURPHY, C.J., and MOR-TON and MOYLAN, JJ.

*Leonard J. Kerpelman* for appellant.

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Donald W. Mason, State's Attorney for Allegany County,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

On May 18, 1970, appellant Martin, a newspaper editor, was served with a citation for contempt of the Circuit Court for Allegany County for allegedly having taken a photograph within the courthouse in violation of Rule 11 of the Rules of the Fourth Judicial Circuit of Maryland.[1] Appellant moved to dismiss the citation, claiming it to be an unconstitutional infringement of his First Amendment rights, *viz.,* "a mere subterfuge [to] chill the Free Speech and Freedom of the Press of the Defendant." Appellant also moved that the case, if not dis-

---

1. The Rule generally prohibits the taking of photographs within any of the courtrooms, or within the courthouse itself "when court officials or parties litigant, counsel, jurors, witnesses or others connected with scheduled pending court or Grand Jury proceedings are present." The photograph in question was of witnesses and lawyers involved in a criminal case, and was taken during recess of court on the first floor of the courthouse in an area well removed from the courtroom.

missed, be tried before a jury. The court denied the motions. Appellant thereafter filed the instant appeal, claiming that the court's refusal to grant him a jury trial was a denial of his absolute constitutional right to trial by jury. The State moved to dismiss the appeal on the ground that there is no absolute constitutional right to a jury trial in a criminal contempt proceeding and consequently the order appealed from was only interlocutory in nature and as such not immediately reviewable. Briefs were filed with us by the parties and we heard oral argument on the State's motion to dismiss. In the circumstances of this case, we hold that appellant does not have an absolute constitutional right, either State or federal, to a jury trial and, accordingly, dismiss the appeal. *See Raimondi v. State,* 8 Md. App. 468.

In denying appellant's motion for a jury trial, the court below held that there is no federal constitutional right to a jury trial in a criminal case, including cases of criminal contempt, where the offense charged is a "petty" one, *i.e.,* an offense punishable by not more than six months imprisonment and a $500.00 fine. The court concluded that where, as in Maryland, "no maximum penalty is set for contempt, a Court may hear the case without a jury provided it does not impose a penalty in excess of six months in jail and a $500.00 fine." By its decision denying appellant's motion for a jury trial, the court recognized that it had placed itself "in the position of taking at least a peripheral view of the case, and deciding, before hearing it, whether the offense is serious or petty"; and that in so doing it had concluded that the offense was a "petty" one not entitling the appellant to a jury trial. In support of its position, the court relied upon the Supreme Court's decisions in *Dyke v. Taylor Implement Co.,* 391 U. S. 216; *Bloom v. Illinois,* 391 U. S. 194; *Duncan v. Louisiana,* 391 U. S. 145, and *Cheff v. Schnackenberg,* 384 U. S. 373. These cases clearly support the court's position, as does the Supreme Court's more recent ruling on the question in *Frank v. United States,* 395 U. S. 147, decided May 19, 1969. *See also Sheets v. City of Hagerstown,* 204 Md. 113.

Appellant forcefully asserts that the charge against him cannot properly be considered a "petty" offense because, as a family man, more than sixty years of age, the stigma of a six months sentence and a $500.00 fine as to him "would spell ruin, financial, social and psychological," particularly in that as a newspaper editor his "veracity, honesty and obedience to the law is as much his stock in trade as is his publication." The difficulty with appellant's position is that in none of its rulings on the question has the Supreme Court considered the likely impact on the individual of a sentence of six months or less as an appropriate guidepost by which to determine, for constitutional purposes, whether the offense was a "petty" one.

*Appeal dismissed; appellant to pay costs.*