## UNITED STATES v. STREWL et al.

District Court, N. D. New York.
Oct. 7, 1937.

88

Ralph L. Emmons, U. S. Atty., of Syracuse, N. Y. (A. E. Gold, Asst. U. S. Atty., of Binghamton, N.Y.)

J. G. M. Browne, of Brooklyn, N. Y., for defendants.

BRYANT, District Judge.

All of the above named defendants were convicted at a trial held in Binghamton beginning June 2nd. All have filed notices of appeal.

On September 9th., four motions came before me. They can be cataloged as applications for orders (1) extending time to file bill of exceptions (2) extending the term for the purposes of the case (3) permitting defendants to prosecute the appeal in forma pauperis, which application includes a request for an order directing the United States to furnish a transcript of the testimony without charge, and (4) giving directions as required by Rule VII.

I am satisfied that it would be a difficult, if not an impossible task to draft a bill of exceptions without the stenographic record or, at least, a substantial part of it. The record contains nearly 2,000,000 words and a large number of exhibits which must be listed. There can be no question but that there will be many weeks' work in transcribing the minutes. The time to file bill of exceptions was extended five months, and an order to that effect was signed upon the day of presentation.

At the close of the case, on or about August 13th, I caused an order to be entered extending the term for all purposes of the case, 100 days. As yet I am not satisfied that the appeal has been taken in good faith. If a further extension of the term becomes necessary it can be given later. The motion for an extension is denied without prejudice to renew.

The appeal was taken in behalf of all of the defendants. The petition presented on September 9th., for order permitting defendants to prosecute in forma pauperis was signed and verified by defendants, Strewl, Oley, Geary and Crowley personally and by the other defendants through their attorney. I held the petition of defendants Dugan, Garguilio, Harrigan and McGlone insufficient. Instead of dismissing I granted defendants' counsel thirty days to file affidavits verified by these defendants. The affidavits have been filed.

At the present time defendants' main concern is the obtaining of the stenographic record without expense to them. In this District we do not have an official stenographer in the sense that the word is used in some of the other Districts. Our stenographer is not under contract to furnish copy to the United States without charging fees therefor. The Statute, 28 U.S.C.A. § 832, does not give the Court power to direct the United States to pay for a stenographic transcript. This part of the application is denied. United States ex rel. Estabrook v. Otis, 8 Cir., 18 F.2d 689. An order denying this part of the application may be presented.

At this time I will not pass upon that part of the application asking for an order permitting the record on appeal to be made at the expense of the Government. I am reserving decision for two reasons. One, because I am not satisfied that the application has been taken in good faith. Two, this is a joint appeal. If any party to the appeal has funds or property the application should be denied. Defendant, Oley, claims that he has paid to his former attorney, Michael I. Winters, over $16,000 for purposes for which the money was not expended. An order directing Mr. Winters to show cause why this money should not be refunded has been issued. If Oley is correct in his statement then, regardless of good faith, there is no merit in the application.

In regard to giving directions as required by Rule VII, the attorney for defendants may present a statement, or index, of his proposed record on appeal and I will give the necessary directions.