PEARLMAN ET AL. *v.* STATE

[No. 286, September Term, 1960.]

68

*Decided July 5, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*R. Palmer Ingram* and *Edwin A. Gehring,* for appellants.

*Lawrence F. Rodowsky, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, Joseph G. Koutz* and *E. Thomas Maxwell, Jr., State's Attorney, Deputy State's Attorney* and *Assistant State's Attorney,* respectively, for Baltimore City, on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

The five appellants were convicted after weeks of trial in the Criminal Court of Baltimore of conspiracy to defraud. They filed timely motions for a new trial which they sought to prosecute at the expense of the State as indigent persons, claiming that the transcript of testimony (required by the Supreme Bench rules before it will hear a new trial motion) would cost $6,000 and that they could neither pay that amount nor the fee of a lawyer. The State filed answers to their petitions, denying that the applicants were indigent, and testimony was taken before Judge Sodaro, who found the assets of three of the applicants were sufficient to enable them to pay the cost of the transcript and for counsel, that one had sufficient resources to employ counsel but not to pay for the transcript, and that the remaining one was indigent. He ruled, however, that in a case "of a joint motion for a new trial, as in the case of a joint appeal," the right to proceed at State expense was not available to any applicant "if any party to the motion has funds or property."

Each of the applicants petitioned this Court to allow an appeal from Judge Sodaro's order in *forma pauperis,* alleging that the denial of a right to proceed for a new trial as an indigent was a denial of due process and a final determination of a constitutional right which made the order denying that right appealable. We granted the appeals on an agreed statement of facts, and appointed counsel to brief and argue the case for the appellants, reserving the question of costs and fees.

Admittedly, there has been no judgment in the pending case and it is settled that an appeal in a criminal case is premature until after final judgment. *Eggleston v. State,* 209 Md. 504, 509; *Kaefer v. State,* 143 Md. 151; *Dail v. Price,* 184 Md. 140, 143; *State v. Haas,* 188 Md. 63; *State v. Barshack,* 197 Md. 543. The appellants argue that this rule prevailed between 1892 and 1957 when the right of appeal was conferred by statute expressly from a final judgment, and that Ch. 399 of the Acts of 1957, Code (1957), Art. 5, Sec. 12, gives a right of appeal to this Court "from any convic-

tion or sentence * * *" and so makes the law as it was before the passage of Ch. 506 of the Acts of 1892, when appeals in criminal cases were entered before the interposition of sentence. Chapter 399 of the Acts of 1957 also enacted Sec. 13 of Art. 5 of the Code, which provides that in criminal actions where sentence has been suspended by the Court, the defendant shall have a right of appeal "under Section 12 of this article in the same manner as if sentence or judgment had been entered in said action." We think Sections 12 and 13 must be read together to mean that in a criminal case there is an appeal from any judgment and from any conviction where sentence has been suspended.

There has been applied through the years a corollary to the rule that there can be no appeal except from a final judgment. Action of a trial court which denies an absolute constitutional right, although seemingly interlocutory, will be reviewed by this Court without requiring the complainant to proceed to final judgment and then seek review of the challenged action on appeal from that judgment. The corollary is subject to the qualification that even though a constitutional right is involved, action of the lower court rightfully exercising discretion as to the functioning of the right will not be so reviewed. *McMillan v. State,* 68 Md. 307; *Tidewater Portland Cement Co. v. State,* 122 Md. 96; *Lee v. State,* 161 Md. 430, 433; *State v. Cobourn,* 169 Md. 110; *Heslop v. State,* 202 Md. 123, 126; *Harris v. State,* 194 Md. 288, 294 (denial of a speedy trial). Civil cases applying the rule include *Wright v. Hamner,* 5 Md. 370; *Griffin v. Leslie,* 20 Md. 15, 19; *Condon v. Gore,* 89 Md. 230, 234; *Elliott v. Larrimore,* 203 Md. 526, 528.[1]

The distinction was well summarized by Chief Judge Bond, for the Court, in the *Lee* case, *supra,* in which an immediate appeal was sought to review the appropriateness of the place of trial under the granting of a mandatory change of venue given the accused in a capital case. He said at p. 433 of 161 Md.:

---

1. Compare Purdum v. Lilly, 182 Md. 612, 621, and Northwestern National Insurance Co. v. Samuel R. Rosoff, 195 Md. 421.

"In many cases it has been decided that a refusal to grant a removal when the Constitution gives an absolute right of removal, as it does in all cases on charges of capital crimes, amounts to a final judgment on the constitutional right, and is immediately open to review in this court on the record. * * * But only decisions on claims of such absolute constitutional rights have been held reviewable at once, and there has been a decision on the precise point that orders within the discretion of the lower courts are, on the contrary, not final orders within the meaning of the rules governing the jurisdiction of this court, and are therefore not immediately reviewable, if reviewable at all."

*Griffin v. Illinois,* 351 U. S. 12, 100 L. Ed. 891, and *Eskridge v. Washington Prison Board,* 357 U. S. 214, 2 L. Ed. 2d 1269, have established that as a constitutional right the states must afford destitute persons convicted of a crime as adequate appellate review as those who have money enough to buy transcripts and employ lawyers. This Court held in *Johnson v. State,* 219 Md. 481, and in *Edwardsen v. State,* 220 Md. 82 (in both of which the question was presented here in an appeal from the sentence and judgment), that as long as the Supreme Bench of Baltimore City, under its rules, will not hear a motion for a new trial in a criminal case without a transcript of the testimony at the trial, an indigent defendant who seeks a free transcript for use in presenting a motion for a new trial has the same constitutional right to one as a convicted person has in perfecting an appeal.

In the present case we have before us not only the correctness of the trial court's determination of fact that applicants for a new trial at State expense were not indigent persons, but the denial of an established constitutional right to applicants concededly indigent. The State does not contend that Judge Sodaro erred when he found two of appellants were unable to buy, or contribute to the price of, the transcript. The order appealed from admitted their indigency but denied their right to a free transcript on a basis of law which, if

erroneous, denied them a clear constitutional right. For this reason we think the order was an appealable one. To hold otherwise would be to say that the indigent appellants must forego their motions for a new trial, submit to sentence, seek an appeal to this Court as indigents and, if refused, again attempt to appeal from the court's ruling to that effect. If successful, they would have to appeal again, on the merits. As a result of either the first or second appeal, the hearing of their motion for a new trial would be ordered. The need for such circuity of procedure should be avoided if possible.[2] It can hardly be doubted that a determination that one could not take an appeal as an indigent would be a final appealable order, since it would terminate the right to litigate further. 28 U. S. C. A., Sec. 1291, gives a right of appeal from all final decisions of the District Courts of the United States. The Supreme Court held in *Roberts v. United States District Court,* 339 U. S. 844, 94 L. Ed. 1326, that the denial by a Federal district court of a motion to proceed in *forma pauperis* is an appealable order under Sec. 1291. See also *Cohen v. Beneficial Industrial Loan Corp.,* 337 U. S. 541, 93 L. Ed. 1528.

---

2. In Northwestern National Insurance Co. v. Samuel R. Rosoff, 195 Md. 421, 432-433, the Court indulged in similar reasoning:

"It seems to us in the nature of things that to decline to hear an appeal from an order dismissing third party complaints, thereby requiring the original defendant to try his case without having the third party in it, and then, on a second appeal to have a judgment against the original defendant reversed on the ground that the third party defendant should have been in, would make somewhat of a mockery of the rule which is designed to have all parties in one action if they can be properly brought before the court, and to prevent a multiplicity of suits. * * * On the other hand, where the trial court declines to implead a third party, the defendant's right to proceed against that third party, in that proceeding, has been finally determined, and he should have the right to have that question settled by the appellate court before he is forced to submit to trial without such third party in the case. We think, where impleading is denied, the spirit and the intention of the rule are best served by immediate appeals. It is our conclusion, therefore, that the orders herein are final, and that the appeals are not premature, but can and should be heard at this time."

Our holding that a denial to an indigent convicted of a crime of a constitutional right to a free motion for a new trial does not mean that every exercise of discretion or judgment by the trial courts in determining whether an applicant for a new trial motion is or is not an indigent person, or as to how much he can pay towards the cost of a transcript or a lawyer, is immediately appealable. The Supreme Court noted the distinction between denial of a right and exercise of discretion as to whether it is rightly enjoyed by an applicant in the *Cohen* case, *supra*, (which involved a denial of a motion to give security for expenses and attorney's fees), saying at pp. 546-547 of 337 U. S. and at p. 1536 of 93 L. Ed.:

> "We hold this order appealable because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it. But we do not mean that every order fixing security is subject to appeal. Here it is the right to security that presents a serious and unsettled question. If the right were admitted or clear and the order involved only an exercise of discretion as to the amount of security, a matter the statute makes subject to reconsideration from time to time, appealability would present a different question."

See also *Purdum v. Lilly,* 182 Md. 612, 621, and *Lee v. State, supra,* at p. 433 of 161 Md.

Code (1960 Supp.), Art. 5, Sec. 15A, is legislative recognition of the constitutional right established by the Supreme Court. It recognizes indigency and gives a free appeal when the applicant is "unable by reason of poverty to defray the expense of prosecuting an appeal." The State suggests, as the Supreme Court held in *Adkins v. E. I. DuPont de Nemours & Co.,* 335 U. S. 331, 339, 93 L. Ed. 43, 49, that one is indigent if, because of his poverty, he cannot pay for or contribute to the cost of his new trial or appeal and still be able to provide himself and his dependents with the necessities of life. It urges that under this test the appellants Pearl-

man, Blank and Glass can make "substantial contributions" to the total cost of the motions for new trials. Judge Sodaro held that they either had sufficient assets to pay for or contribute towards the cost of the transcript and counsel, or that pending trial they had gratuitously conveyed their assets to members of their family and rendered themselves in form impecunious, although not so in substance.

We cannot say that the record shows his determination to have been erroneous and if it was not, Pearlman, Blank and Glass are not entitled to have a new trial motion provided and considered at the expense of the State. *State v. Horton* (Iowa), 272 N. W. 527; *State v. Shaffer* (Iowa), 114 N. W. 540; *State, ex rel. Nicholas v. Criminal Court of Marion County* (Ind.), 162 N. E. 2d 445; *Altis v. Altis* (Neb.), 192 N. W. 327.

The other two appellants, Cohen and Brown, are in a different category. The record shows that neither of them can pay for or contribute to either the transcript or the fee of counsel. Thus, clearly, they are entitled to have the State provide the transcript and legal services unless Judge Sodaro was correct in holding that they lost these rights because they were convicted jointly with three defendants who can afford to pay all or a substantial part of the expense of a motion for a new trial. We do not agree with Judge Sodaro's view. Cohen and Brown do not lose their respective individual rights because of their association with others who do not enjoy those same rights. The statements of the United States District Court for the Northern District of New York, in *United States v. Strewl,* 28 F. Supp. 87, 88 (certiorari denied, 306 U. S. 638, because the application was not made within the time provided by law), that "[i]f any party to the appeal has funds or property the application should be denied," was not supported by citation of authority and we do not find it persuasive. That the Supreme Court has taken the contrary view is indicated in *Adkins v. E. I. DuPont de Nemours & Co., supra,* where the Court said at p. 340 of 335 U. S. and p. 49 of 93 L. Ed.:

"We do not think that this petitioner can be denied a right of appeal under the statute merely because other claimants will neither give security for costs nor sign an affidavit of poverty. This case illustrates that such a restrictive interpretation of this statute might wholly deprive one of several litigants of a right of appeal, even though he had a meritorious case and even though his poverty made it impossible for him to pay or give security for costs. Such a deprivation would frustrate the basic purpose of the statute. This does not mean that one of several claimants financially able but unwilling to pay his proportionate part of the costs could demand the benefits of an appeal perfected by another claimant under the in forma pauperis statute. But it does mean in this case that the petitioner, upon making the required affidavit of poverty, was entitled to appellate review of the issues the district court decided against her, without regard to whether other claimants filed an affidavit of poverty, or paid or secured their fair part of the costs."

We think that appellants Cohen and Brown are entitled to have a transcript of the testimony of their trial and the services of counsel furnished by the State, but that Pearlman, Blank and Glass (a) may not avail themselves of the transcript in their motion for a new trial and may not use the transcript in an appeal to this Court from sentence and judgment if they should forego the motion for a new trial, without paying their fair share of its cost; and (b) must pay their own counsel if they desire the services of counsel.

It is our view that in a case of multiple defendants, such as that before us where one or more is indigent and one or more is not, the costs of prosecuting a motion for a new trial or an appeal should be divided pro rata, that is, a financially responsible defendant cannot enjoy a free trip to the Supreme Bench or the Court of Appeals at the expense of the State, and the State cannot pass on to one or more codefendants financially able to pay for it its obligation to furnish a free

new trial motion or a free appeal to an indigent person. *Adkins v. E. I. DuPont de Nemours & Co., supra.* See also *State, ex rel. Nicholas v. Criminal Court of Marion County, supra.*

> *Order reversed; case remanded for further proceedings consistent with the views expressed herein; three-fifths of the costs to be paid by appellants Pearlman, Blank and Glass.*