# JOHN RICHARD METALLO *v.* STATE OF MARYLAND

[No. 538, September Term, 1969.]

*Decided July 24, 1970.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*John Edward Shinners* for appellant.

*John J. Garrity, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *Clewell Howell, Jr., Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

It is firmly established, and we have so stated in a number of opinions, that a positive identification by one eyewitness to a crime, whether the victim or some other person, is sufficient to prove criminal agency. *Bailey v.*

*State*, 6 Md. App. 496, 508. The weight to be given such identification evidence and the credibility of the witness are matters for the trier of fact. *Melia and Shelhorse v. State*, 5 Md. App. 354.[1] So when the *corpus delicti* of the crime charged is proved and testimony by the victim or an eyewitness that the accused perpetrated the crime is admitted, the evidence is sufficient to support a conviction. Here the *corpus delicti* of each of the offenses of robbery with a deadly weapon, grand larceny, and the wearing of a deadly weapon concealed about the person, were proved, being the first, sixth and twelfth counts in an indictment under which John Richard Metallo was tried by the court in the Circuit Court for Baltimore County. A positive judicial identification of Metallo by the victim, Inez Drew Gittings, and the admission of evidence that she identified him as the perpetrator of the offenses at a lineup and a preliminary hearing established his criminal agency. In addition he was positively identified at trial by the victim's employer, Robert Sherman, as one of two persons who were in the rental office where the robbery occurred immediately before the crime was committed. Sherman further testified that he had also identified appellant at a lineup. That this evidence would have been sufficient to support the conviction is clear. However, the State proceeded to adduce evidence that of the total amount stolen in the robbery, $2791.19, approximately one-half was found on each of the person of Metallo and his companion, Michael John Joseph Rife, when they were arrested shortly after the commission of the crime. The trial court admitted the evidence over objection. The money was obtained by the police by a search and seizure of Metallo and Rife made incident to their warrantless arrests. The search of them and the seizure of the money would be reasonable only if the arrests were legal. Metallo, the appellant here, claims his arrest was illegal because the arresting officer did not have probable cause to believe that he had committed a felony, see

---

1. For a discussion of the admissibility of identification evidence see *Smith and Samuels v. State*, 6 Md. App. 59.

Code, Art. 27, § 594 B (c), and because the arresting officer, as a member of the Baltimore County Police Department, had no jurisdiction to make the arrest where it was made, in Baltimore City. That Metallo was in exclusive possession of property recently stolen in a robbery would raise an inference that he was the robber, absent a reasonable explanation. *Hernandez v. State*, 7 Md. App. 355, 367-368. But on the evidence here the inference arising from possession of recently stolen property was not necessary to provide evidence of the criminal agency of appellant. Thus, even if the testimony as to the money being found in appellant's possession was admitted in error,[2] we feel that the error was harmless beyond a reasonable doubt and does not require reversal of the judgment. See *Chambers v. Maroney*, 399 U. S. 42, 90 Sup. Ct. 1975, 26 L. Ed. 2d 419 (1970); *Middleton v. State*, 10 Md. App. 18; *Chapman v. California*, 386 U. S. 18. Therefore, we have no need to reach the questions presented which go to the legality of the arrest.[3]

Appellant contends that he was denied due process of law because upon his arrest in Baltimore City by a Baltimore County Officer he was not taken before a judge of the criminal division of the Municipal Court of Baltimore City as required by Code, Art. 26, § 115. This point was not tried and decided below and is not properly before us. Maryland Rule 1085. We observe that although § 115 imposes the duty on the arresting officer to take any person arrested in Baltimore City before a judge of the criminal division of the Municipal Court, who acts as a committing magistrate when the offense charged is

---

2. We note that the record must show that the arresting officer has probable cause to believe that a felony had been committed and that the arrestee committed it. See *Cleveland v. State*, 8 Md. App. 204; Code, Art. 27, § 594 B (c).

3. Metallo and Rife were jointly indicted but separately tried. Rife was convicted of robbery with a deadly weapon and on his appeal we found that the record did not show that the arresting officer had probable cause to believe that Rife had committed the robbery. We reversed because we could not say that the error in admitting testimony of the money found on Rife was harmless because it was questionable whether the State otherwise proved his criminal agency. *Rife v. State*, 9 Md. App. 658.

beyond the jurisdiction of the court, it provides no sanctions for the failure to comply with its provisions. We do not think that such failure in itself would render an arrest illegal, vitiate a trial, or require reversal of a judgment.

Appellant asks whether the lineup was illegal. If it was, the evidence adduced by the State as to identifications made thereat, offered as corroborative of the in-court identifications, was admitted in error if properly challenged below. Assuming that it was properly challenged, but see *Albert Darrell Jones v. State,* 9 Md. App. 455, we do not find that the lineup was illegal. Appellant urges that it was illegal because his arrest was illegal and because it was "unfair" in its makeup. As to the first reason we held in *Tender v. State,* 2 Md. App. 692, 696-697 that an illegal arrest did not render a subsequent lineup illegal. See *Hartley v. State,* 4 Md. App. 450, 459; *Gibson v. State,* 5 Md. App. 320; *Jones v. State,* 5 Md. App. 489. Cf. *Davis v. Mississippi,* 394 U. S. 721. With regard to the second reason appellant refers to two photographs of the lineup which were admitted in evidence. He asserts, "These photographs clearly show the lineup's unfairness to the appellant. He is the only dark-complexioned person shown and is the smallest one present. The additional persons, other than the arrestees, were neatly groomed police cadets who were wearing shined shoes." The police officers who conducted the lineup described the persons appearing in it. "All subjects in the lineup were in green jail uniforms, Baltimore County Jail uniforms. Green pants and green shirt. John R. Metallo, male, five foot six, one forty pounds, * * * [age] eighteen, Gilliand, twenty, five foot eight, Timothy Craft, 20, five-ten, 150, Michael Rife, 18, five-six, 130 pounds, Vaughn Cronever, 20, five-ten, 145 pounds." We have viewed the photographs of the lineup and find that the testimony of the officer is accurate. It was not composed of people so dissimilar as to physiognomy, physique, clothing, general appearance, or otherwise as to render the lineup procedure so impermissibly suggestive and conducive to irreparable mistaken iden-

tification as to be a denial of due process of law. We think it patent that the police attempted to have three boys appear in the lineup who did not stand out from the two suspects and we believe that they succeeded within the constitutional bounds. This is a far cry from *Foster v. California*, 394 U. S. 440 where the procedure was held to be impermissibly suggestive when the accused was first placed in a lineup with considerably shorter men and after no identification was made a one-to-one confrontation was arranged with the robbery victim who made only a tentative identification until a subsequent lineup at which the victim finally identified the accused who was the only man who had been in the first lineup. We cannot say that the trial court was clearly erroneous in its judgment on this evidence that the lineup was legal[4] and on our independent examination of the whole record which we make because a claim of a constitutionally protected right was involved, see *Cox v. Louisiana*, 379 U. S. 536, note 8 at 545, we hold that the lineup was legal.

*Judgments affirmed.*

---

4. Appellant waived appearance of counsel at the lineup as shown by a waiver of counsel form signed by him and does not raise a question with respect to it on appeal.