## GLENN W. TAYLOR *v.* STATE OF MARYLAND

[No. 164, September Term, 1974.]

*Decided August 8, 1974.*

The cause was argued before ORTH, C. J., and MORTON and GILBERT, JJ.

*Joseph H. Thomas* for appellant.

*George A. Eichhorn,* III, *Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City* and *Michael Glushakow, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

Glenn W. Taylor, appellant, on May 4, 1972, was a prisoner in the Baltimore City Jail awaiting trial on

indictments charging him with offenses unrelated to this case. He is alleged to have stabbed, on that date, one Baltimore City Jail guard and assaulted another. An arrest warrant was obtained by the Baltimore City Police for appellant on May 5, 1972. The appellant's attorney visited the City Jail on May 5, 1972 in order to confer with the appellant about the indictments on which appellant was awaiting trial. At that time counsel learned of the assault charges. As a result of his visit to the City Jail the appellant's counsel entered a plea of not guilty by reason of insanity, under the statute, to all six outstanding indictments. The appellant was referred to the Clifton T. Perkins Hospital for an examination. The record is not clear as to where the appellant was confined following his release from Perkins. He was sent either to the Baltimore City Jail or to the Anne Arundel County Detention Center. In any event the May 4, 1972 stabbing victim swore out a warrant on April 10, 1973 charging the appellant with assault with intent to murder. This warrant was in addition to the one that had been obtained by the Baltimore City Police on May 5, 1972. Appellant was indicted on May 25, 1973, and he was served with a copy of the indictment. The case was set for trial on November 14, 1973, however, at that time two attorneys appeared for appellant. One, the present counsel, had been appointed by the Public Defender to represent appellant on the matters for which appellant was awaiting trial on May 4, 1972, and the other attorney was designated by the Public Defender to represent appellant on the assault charge arising out of the May 4, 1972 incident. Neither counsel knew about the other. The case was postponed at the request of defense counsel in order that they might resolve the issue of just who represented appellant in the instant case. The matter came on for trial on January 21, 1974. The lateness of the hour at which the case was called, together with the various preliminary discussions relative to certain pretrial publicity caused the case to be carried over to the next day, January 22, 1974. At that time the appellant, *pro se*, filed a written motion to dismiss the indictment on the ground that he had been denied a speedy trial. The motion was overruled by Judge Albert L. Sklar, in the Criminal

Court of Baltimore. Appellant thereupon entered an appeal to this Court. For the reasons hereinafter apparent we shall not discuss the merits of the appellant's argument relative to the denial of a speedy trial.

In *Neal v. State*, 20 Md. App. 20, 314 A. 2d 710 (1974) we reiterated that no appeal lies from an interlocutory order. We went further, however, and classified both a denial of a motion to dismiss for want of a speedy trial and a denial of a motion to dismiss on a claim of double jeopardy as interlocutory and hence not immediately appealable, "except in those cases where the trial judge concludes that the constitutional right exists and is applicable but nevertheless refuses to apply it."

The Court of Appeals granted certiorari, and, after oral argument, reversed, in part, our decision. *See Neal v. State*, 272 Md. 323, 322 A. 2d 887. The Court said:

"We do not share the view that a determination that double jeopardy does or does not exist involves an exercise of discretion. To us, the defense of double jeopardy is a liminal constitutional issue, raised at the outset, before there is a trial. It can in no way be compared to a finding that a defendant is not in fact indigent. Neither can it be analogized to questions involving the admissibility of evidence, raised during trial, even though constitutional issues are involved."

It is clear that the opinion of the Court of Appeals in *Neal* is directed solely to the question of the immediate appealability of a denial of a motion to dismiss that is grounded on double jeopardy. The Court did not address itself to the question of whether a motion to dismiss for lack of a speedy trial was immediately appealable.

The express message of the Court of Appeals in *Neal* is unmistakable. A denial of a motion to dismiss an indictment on the ground of double jeopardy is appealable immediately. The underlying message of *Neal* is equally unmistakable, *i.e.*, our decision in *Neal v. State* with respect to the holding that a denial of a motion to dismiss for lack of speedy trial is

interlocutory and thus not immediately appealable is still viable.

We repeat what we said in *Neal v. State, supra* at 28:

> " . . . The piecemeal appellate review of immediate, and, with very few exceptions, patently frivolous appeals from a refusal to dismiss an indictment on an allegation of denial of a speedy trial . . . does just what the Court in *Lee* [*v. State,* 161 Md. 430, 157 A. 723 (1931) ] anticipated. ' [P]roceedings in every criminal case, great or small, may be stopped and delayed while the accused prosecutes an appeal . . . [adding] just so much to the resources of those who might find vexatious delays advantageous, and [multiplying] appeals in criminal cases. . . .' "

> \* \* \*

> "We are of the opinion, as we indicated in *Raimondi* [*v. State,* 8 Md. App. 468, 470, 261 A. 2d 40 (1970) ] that whether a speedy trial has been denied . . . will usually turn on the facts and circumstances present in the particular case. . . . Thus, the determination of the question by the lower court would seem to involve an application of judicial discretion 'as to the functioning of the right' squarely within the rule enunciated in *Pearlman* [*v. State,* 226 Md. 67, 172 A. 2d 395 (1961) ] and *Lee* prohibiting immediate appeals from interlocutory orders. We shall follow the rule of *Pearlman* and *Lee* except in those cases where the trial judge concludes that the con-stitutional right exists and is applicable but nevertheless refuses to apply it."

In *Harris v. State,* 6 Md. App. 7, 249 A. 2d 723 (1969), *cert denied* 255 Md. 741 (1969), we pointed out that a trial court could, in the exercise of its discretion, order "that a pre-trial motion to dismiss based on a denial of a speedy trial or any

other ground [1] be deferred for a determination at the trial of the general issue," *Harris v. State*, at 19, *see also* Md. Rule 725 d, and as there would be no judgment, no appeal from such an order would lie.

Moreover, if our decision in *Neal*, 20 Md. App. 20, is not followed then the courts of this State are confronted with two separate and distinct rules of law concerning the immediate appealability of a denial of a motion to dismiss for lack of a speedy trial. One rule is that if such a motion is made and denied, prior to trial, the accused could appeal to this Court, and later, under appropriate circumstances, petition for certiorari. The other rule is that if the motion to dismiss, made prior to trial, is not ruled on by the trial judge, but is deferred under Rule 725 d until the trial on the merits, no appeal lies from the trial court's declination to rule prior to trial.

We are not unaware that some defendants will attempt to "bait" the trial judge into a ruling on a motion to dismiss in order that the defendant might file an immediate appeal and thus "buy" as much time as possible before going to trial. We think it too apparent for discussion to set forth any of the divers reasons why delaying tactics might be useful. We do not believe that the Court of Appeals will allow the dual rules to exist any longer, and for that reason, *inter alia,* we adhere to our holding in *Neal.*

In order to avoid any possible confusion as to whether an immediate appeal lies from a motion to dismiss for lack of a speedy trial we flatly hold that a denial of such a motion is interlocutory and consequently not immediately appealable, subject, however, to the exception stated in *Neal v. State*, 20 Md. App. at 30. Appellant, nevertheless, is not left without a remedy. If he is convicted of the assault offenses, and he elects to appeal from the judgment of the Criminal Court of Baltimore, he is free to raise in his appeal the issue of an alleged denial of a speedy trial.

*Appeal dismissed.*

---

1. Obviously such other ground may not include a motion to dismiss grounded on double jeopardy in the light of the Court of Appeals decision in Neal, *supra.*