## JOHN LEE LEONARD, JR. *v.* STATE OF MARYLAND

[No. 688, September Term, 1976.]

*Decided June 9, 1977.*

---

8. *See* Zablonsky, *supra,* 230 Md. at 370, 187 A. 2d at 317; Kelly, *supra,* 35 Md. App. at 281, 370 A. 2d at 168.

The cause was submitted on briefs to THOMPSON, MOYLAN and MOORE, JJ.

Submitted by *H. Gregory Skidmore* for appellant.

Submitted by *Francis B. Burch, Attorney General, Leroy Handwerger, Assistant Attorney General,* and *Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* for appellee.

MOORE, J., delivered the opinion of the Court.

Appellant was one of three individuals indicted in Anne Arundel County following an armed robbery of an Acme Market on January 24, 1975. Tried separately in the Circuit Court for Anne Arundel County, he was convicted by a jury (Evans, J., presiding) under two indictments, one charging him with assault with intent to murder Donald Dunbar, the manager of the store, and the other with armed robbery of the cashier, Pamela Marie Simkunas. Thereafter, appellant was sentenced to 15 years imprisonment for assault with intent to murder and 5 years, consecutively, under a count alleging the use of a handgun in the commission of a felony. He also received a 10 year concurrent term for the armed robbery conviction.

I

On appeal, Mr. Leonard raises three issues in support of his claim that the judgments of conviction should be reversed. First, he contends that the State's cross-examination of him pertaining to his post-arrest silence and references thereto in the State's final argument violated his right to due process. Second, he claims that he was denied his constitutional right to a speedy trial. Finally, he argues that the instructions of the trial court were inconsistent, conflicting and contradictory.

The State conceded merit in the first question raised. The prosecutor improperly interrogated appellant concerning his failure to relate his alibi to the arresting officers. This impropriety was compounded when the State, in final argument, conceded appellant's right to remain silent after having relied upon *Miranda v. Arizona*, 384 U. S. 436 (1966), but then exclaimed to the jury, "[I]f he had an alibi, if he was with his sister and her fiance, why didn't he tell them [the police]?" It is fundamentally unfair and a deprivation of due process thus to exploit the silence of a person under arrest. *Doyle v. Ohio*, 426 U. S. 610, 96 S. Ct. 2240 (1976); *Sutton v. State*, 25 Md. App. 309, 334 A. 2d 126 (1975). Unfortunately, however, our review of the record reveals a complete lack of objection by trial counsel to the State's question on cross-examination or to the comments of the prosecutor in final argument. The question was therefore not preserved for appellate review. Maryland Rules 522 d 2; 1085.

Similarly, we find that trial counsel did not object to any portion of the advisory instructions given by the court and although the instructions were not a model of clarity, we find no "plain error . . . material to the rights of the accused" to warrant our intervention. Maryland Rule 756 g.

Appellant's second contention, which raises the speedy trial issue, is properly before us. Upon our review of the record, we find error in the procedure by which disposition was made of appellant's motion to dismiss. We accordingly reverse and remand for a new trial.

## II

Appellant was arrested on April 9, 1975, more than two months after the date of the alleged crime, and was brought to trial on February 3, 1976, nine months and 23 days following his apprehension. Unable to make bail which had been set at $50,000, he was incarcerated during that entire period. On October 24, 1975, his trial counsel filed a motion for a speedy trial. The State's Attorney responded in writing that: (a) the State proposed to try first a co-defendant, Wade Iglehart Johnson,[1] whose case had been removed to Carroll County; (b) the Carroll County trial had been continued once because of illness of defense counsel and again because a police officer, a "key witness" for the State, had been selected to attend the FBI Academy in Quantico, Virginia;[2] and (c) a trial date in appellant's case after the return of the police officer in mid-December would be agreeable, although the State still desired to proceed first with the trial of the co-defendant.

Approximately one month after the filing of the State's response, the trial court signed an order on December 3, 1975 that appellant's motion for a speedy trial be denied. No such order should have been presented by the State, nor signed by the court. The proper disposition of such a motion is, of course, the setting of the case for trial.[3] At all events, without knowing the fate of his counsel's motion for a speedy trial, appellant himself prepared a motion to dismiss for lack of a speedy trial, in which he complained of a denial of due process. The filing date of this motion was also December 3, 1975. The following day, the trial court summarily denied the motion to dismiss, without awaiting any response from the State, and without a hearing or the entry of an order that the motion be the subject of a hearing at the time of trial. The net result is that there is no

---

1. Johnson v. State, 36 Md. App. 162 (1977).

2. At appellant's trial, no police officer testified.

· 3. It does not appear that the trial court set a trial date at the time required by Md. Code, art. 27, § 591 (1957, 1976 Repl. Vol.), and we are unable to ascertain from the record the date when appellant's trial date of February 3 was set.

testimonial record — by way of affidavits or a transcript of testimony — upon the basis of which this Court might undertake the "balancing process," under the now familiar guidelines of *Barker v. Wingo*, 407 U. S. 514 (1972), essential to a determination of whether appellant's constitutional right to a speedy trial was violated. *See Epps v. State*, 276 Md. 96, 345 A. 2d 62 (1975); *State v. Wilson*, 35 Md. App. 111, 371 A. 2d 140 (1977). And, of course, no such record was before the trial court.

Presently, and until July 1, 1977, the effective date of the recently adopted Rules in Chapter 700 (Criminal Causes) of the Maryland Rules of Procedure, motions before trial raising defenses or objections are governed by Rule 725 d:

> "d. Hearing on Motion.
>
> "A motion before trial raising defenses or objections shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue. All issues of fact raised by such motion may be determined by the court without a jury on affidavit or in such other manner as the court may direct." [4]

Notwithstanding the caption, "Hearing on Motion," it is plain from the language of Rule 725 d that it governs (a) the timing of the disposition of a pre-trial motion, and (b) the procedure whereby issues of fact may be determined, i.e., by a hearing or otherwise.

Thus, in the case of a speedy trial motion to dismiss, the trial court is confronted with a decision as to whether the

---

[4]. Under the revised rules, effective July 1, 1977, motions before trial are governed by Rule 736, subsection e, entitled "Determination," which provides:

> "A motion filed pursuant to this Rule, except a motion to dismiss for failure to obtain a speedy trial, shall be determined before trial *unless the court otherwise directs in motions involving subsection a4 of this Rule.* If factual issues are involved in determining the motion, the court shall state its findings on the record."

motion is to be disposed of prior to trial,[5] and whether the factual record requisite to the "balancing process" shall be developed by a hearing or some other adequate procedural substitute. With respect to the timing of the disposition, it is manifest, we think, that in most situations the proper time to consider such a motion is at the time of trial. It is then that the (a) length of the delay, (b) reasons for the delay, and (c) prejudice to the defendant — three of the key factors delineated in *Barker v. Wingo, supra* — can best be evaluated.[6]

In the case *sub judice*, some seven months and 24 days had elapsed from the date of appellant's arrest to the date of the motion to dismiss. No Maryland case has held this amount of time to be an acceptable "triggering mechanism" under *Barker v. Wingo*,[7] and yet, when the motion was filed, the eventual date of trial was still two months' distant. The circumstances were such, therefore, as to establish that the motion was not frivolous but, on the other hand, that its consideration and disposition should be deferred.

It is our conclusion that reversible error occurred when the trial court did not postpone consideration of the motion but, more significantly, denied the motion without any findings of fact and, indeed, without making available a factual predicate for his denial. *See generally Barnett v. State*, 8 Md. App. 35, 257 A. 2d 466 (1969). Such a combination of errors, in our judgment, offends basic principles of fundamental fairness and due process of law —

---

5. As previously indicated, under new Rule 736 e a motion to dismiss for failure to obtain a speedy trial is excepted from the requirement that pre-trial motions be determined before trial.

6. If a trial judge, after proper hearing before or at trial, concludes that the motion should be granted, the correct course would be to rule immediately. In the event of doubt concerning the key elements or if the court inclined to the view that the motion should be denied, decision should be withheld until after verdict. *See* Brady v. State, 36 Md. App. 283 (1977). *See also* Taylor v. State, 22 Md. App. 370, 323 A. 2d 648 (1974).

7. In State v. Becker, 24 Md. App. 549, 332 A. 2d 272 (1975), a delay of $9^1/_2$ months was found to be sufficiently inordinate to "trigger" the four-factor analysis.

the same requirements that mandate a hearing, out of the presence of the jury, on an accused's motion to suppress an in-court identification on the basis of an impermissibly suggestive pre-trial viewing procedure, *Perkins v. State*, 11 Md. App. 527, 275 A. 2d 517 (1971); *Smith & Samuels v. State*, 6 Md. App. 59, 250 A. 2d 285 (1969), or where a defendant challenges the voluntariness of a confession or other inculpatory statement, *Day v. State*, 196 Md. 384, 76 A. 2d 729 (1950); *Barnhart v. State*, 5 Md. App. 222, 246 A. 2d 280 (1968), or where there is a challenge to the legality of a search and seizure and a motion to suppress evidence claimed to have been unconstitutionally obtained is made, Md. Rule 729; *Taylor v. State*, 19 Md. App. 386, 311 A. 2d 468 (1973); or an attack upon the admissibility of prior convictions, *Johnson v. State*, 9 Md. App. 166, 263 A. 2d 232 (1970).

In reaching the conclusion that, under the circumstances here presented, the trial court committed error of constitutional dimension in the peremptory denial of appellant's motion to dismiss, and without conducting a hearing or otherwise providing a factual basis for evaluation of appellant's speedy trial claims — we do not overlook the fact that appellant did not reassert his contention at the time of trial. His failure to do so does not attenuate the error we find. *But c.f. White v. State*, 23 Md. App. 151, 326 A. 2d 219 (1974) (appellant's failure to bring to the attention of the trial court an undecided pre-trial motion to dismiss for lack of speedy trial held to constitute a waiver of his right to a ruling on the motion). It is, however, a factor which may weigh against him in the balancing process when, upon retrial, his contention that he was denied a speedy trial can properly be evaluated. As the Supreme Court stated in *Barker, supra:*

> "We think the better rule is that the defendant's assertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an

inquiry into the deprivation of the right. . . . [Such a rule] would also allow a court to *weigh the frequency and force of the objections* as opposed to attaching significant weight to a purely *pro forma* objection." (Emphasis added.) 407 U. S. at 528-29.

> *Judgments reversed; case remanded for a new trial; Anne Arundel County to pay the costs.*