LARRY JESSE MYERS a/k/a LARRY JESSE MYERS-BEY v. STATE OF MARYLAND

[No. 953, September Term, 1980.]

*Decided April 10, 1981.*

The cause was argued before GILBERT, C. J., and THOMPSON and WEANT, JJ.

*James D. Skeen, Assigned Public Defender,* for appellant.

*Michael A. Anselmi, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Barry Hamilton, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Larry Jesse Myers a/k/a Larry Jesse Myers-Bey, the appellant, was convicted in the Circuit Court for Montgomery County of armed robbery and related charges. Appellant was sentenced to a total of twenty-five years on the various convictions. On appeal the appellant contests the imposition of the mandatory sentence under Maryland's enhanced punishment statute, Md. Ann. Code Art. 27, § 643B, the admissibility of certain evidence, and the sufficiency of the evidence.

## FACTS

The testimony in this case dealt with two separate incidents that occurred on September 20, 1979. At approximately 10:15 on the morning of September 20, 1979 two men, one with a gun, entered the First National Bank of Maryland on Georgia Avenue in Wheaton, Maryland and in the presence of three bank tellers, Nellie Norris, John Wilson and Stacy Stirman, and a bank manager, Dennis J. Kleppick, took some money and ran out to their automobile

in the parking lot. Later that day, two men, one of whom was identified as the appellant, attempted to force a Mr. Borokini and a Mr. Imoke to drive them to a hospital. A struggle ensued and the two men ran off.

## SENTENCING

Appellant alleges that his enhanced sentence under Art. 27, § 643B (c) was improper for a number of reasons. We agree because of one of the reasons argued and therefore it is unnecessary to discuss the others. The appellant's sentence was enhanced based upon two convictions for robberies in the District of Columbia. In *Butler v. State,* 46 Md. App. 317, 322-23, 416 A.2d 773 (1980), we held that an enhanced sentence imposed on the basis of a conviction for robbery in the District of Columbia was improper, saying:

> "With regard to the District of Columbia robbery conviction, we are unable to determine from the record whether it is a proper predicate to support a § 643B (c) sentencing. Nothing before us indicates whether the robbery was indeed a crime of violence. In the District of Columbia, robbery is defined by statute as:
>
>> 'Whoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery.'
>
> "D.C. Code, Sec. 22-2901 (1973). Thus, as the State concedes, it appears that robbery in the District of Columbia may not be a crime of violence. The facts surrounding that conviction would have to be examined before this determination can be made."

We further held in that case that it would be improper to remand for a new hearing and sentencing under § 643B, citing *Burks v. United States,* 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978), which held that where an accused succeeds in obtaining a reversal of his criminal conviction

because of insufficiency of the evidence he may not be retried because to do so would be in violation of his protection against double jeopardy.

In the instant case, the State also concedes that the record fails to show that the robberies committed by the appellant in the District of Columbia were crimes of violence but argues we should only vacate the sentence and remand for proper proof instead of simply remanding for a proper sentence not under the enhanced punishment statute. The state contends that in the recent case of *United States v. DiFrancesco,* 449 U.S. 117, 101 S. Ct. 426, 66 L. Ed. 2d 328 (1980), the Court held the United States could appeal, without violating the double jeopardy clause of the federal constitution, the sentence imposed by a United States District Court in certain instances and that the appellate court could constitutionally impose a higher sentence. We think these two cases differ. In the instant case the state had its opportunity to present evidence but failed to produce sufficient evidence. The state does not come here as an appellant but only as an appellee. We think the situation is more like *Burks v. United States* than like *United States v. DiFrancesco.* Unlike the federal statute, the Maryland statute does not put the accused on notice that the government would have the right to appeal and increase the sentence. The analogy is more like sentence review provisions of Article 27 wherein a sentence may, under certain circumstances, be increased if the accused seeks to have his sentence reviewed. *See,* Md. Ann. Code Art. 27, § 645JC. We decline to overrule *Butler v. State.*

## ADMISSIBILITY OF EVIDENCE

Appellant contends the trial court improperly admitted the testimony of Detective Jan Hutchinson concerning appellant's behavior while he was being fingerprinted. When the appellant was asked to submit to the fingerprinting process he responded that if he was forced to remove his handcuffs he would "fight" and "if he had a gun [he] would shoot [Hutchinson]." In order to complete the

process the appellant had to be forcibly restrained. The admissibility of this testimony was covered in *Sewell v. State,* 34 Md. App. 691, 695, 368 A.2d 1111, *cert. denied,* 280 Md. 734 (1977), in which this Court said:

> "Various modes of conduct have been held to be tacit admissions or evidence of the consciousness of guilt. Among them are flight from justice, including resistance or concealment, *Tasco v. State,* 223 Md. 503, 165 A.2d 456; . . . and the refusal to provide an exemplar for comparison purposes. *United States v. Franks,* 511 F.2d 25 (6th Cir. 1975)."

Appellant contends that the trial court erred in admitting extra-judicial identifications. The issue was not raised by preliminary motion as required by Md. Rule 736 and there was no objection to the admission of the identifications at the trial. The question is therefore not before us. Md. Rule 1085.

## SUFFICIENCY OF THE EVIDENCE

Finally, appellant complains that the evidence was insufficient to support his convictions. In making this argument he overlooks his identification by Nellie Louise Norris as one of the robbers. We have repeatedly held that the identification by a single eyewitness is sufficient to support a conviction. *Metallo v. State,* 10 Md. App. 76, 267 A.2d 804, *cert. denied,* 259 Md. 734 (1970).

> *Convictions affirmed.*
> *Sentences vacated and case remanded for imposition of proper sentences.*
> *Costs not reallocated pursuant to Maryland Rule 1082f.*