## State of Vermont v. Michael Bargo a/k/a Chris Miksic; Edward Everts; Burton Rubenstein; and Peter Moynihan

[515 A.2d 1071]

No. 86-129

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed August 8, 1986

*Kevin G. Bradley*, Chittenden County State's Attorney, Burlington, for Plaintiff-Appellee.

*Michael Bargo a/k/a Chris Miksic, Edward Everts, Burton Rubenstein* and *Peter Moynihan*, pro se, Defendants-Appellants.

**Per Curiam.** Defendants were tried jointly and convicted of disorderly conduct in violation of 13 V.S.A. § 1026. They all filed timely notices of appeal which have been consolidated. In conjunction with his notice, defendant Moynihan filed an application to proceed in forma pauperis. The district court granted the application, and, at defendant's request, ordered the State to pay the cost of providing defendant Moynihan with a transcript of the trial proceeding. The order came to this Court for approval by a single justice pursuant to V.R.A.P. 10(b). Justice Hill, acting for the Court, ordered the remaining three defendants to file financial affidavits before approving the order for State payment of transcript costs. Those affidavits reveal that all three defendants

possess significant assets and the financial ability to pay for the cost of transcripts. They also make it clear defendants view the appeal as a joint undertaking, and intend to use the transcript provided defendant Moynihan in preparing their briefs on appeal.

In *Adkins* v. *E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 340 (1948), the United States Supreme Court held that an indigent petitioner, "upon making the required affidavit of poverty, was entitled to appellate review of the issues the district court decided against her, without regard to whether other claimants filed an affidavit of poverty, or paid or secured their fair part of the costs." The Court also stated, however, that "[t]his does not mean that one of several claimants financially able but unwilling to pay his proportionate part of the costs could demand the benefits of an appeal perfected by another claimant under the *in forma pauperis* statute." *Id.*

In *Pearlman* v. *State,* 226 Md. 67, 172 A.2d 395 (1961), the Maryland Court of Appeals fashioned a well-reasoned set of rules from these Supreme Court pronouncements. Recognizing that indigent defendants are entitled to have a transcript provided at state expense, the Maryland court ordered that one be made available to defendants who qualify. The court went on to hold, however, that financially able defendants could not use the transcript to prepare their appeal without paying their fair share of the costs. *Id.* at 76, 172 A.2d at 400.

> [I]n a case of multiple defendants, such as that before us where one or more is indigent and one or more is not, the costs of prosecuting . . . an appeal should be divided pro rata, that is, a financially responsible defendant cannot enjoy a free trip to the Supreme Bench or the Court of Appeals at the expense of the State, and the State cannot pass on to one or more co-defendants financially able to pay for it its obligation to furnish . . . a free appeal to an indigent person.

*Id.* at 76-77, 172 A.2d at 400.

Applying these rules to the case at bar, defendant Moynihan's request for a transcript at State expense is approved, and the State shall pay his pro rata share of the transcript cost. Three-quarters of the transcript cost is to be paid by the remaining three defendants. If one or more of these defendants chooses not to pursue his appeal, the costs shall be reapportioned accordingly.

*Cause remanded for further proceedings consistent with the views expressed herein.*