583 A.2d 1109

**Mark I. MARSHALL**

v.

**STATE of Maryland.**

**No. 100, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Jan. 14, 1991.

322

M. Gordon Tayback, Baltimore, for appellant.

Jillyn K. Schulze, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Stuart O. Simms, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Argued before MOYLAN, BLOOM, JJ., and JAMES S. GETTY, J. (Retired, Specially Assigned).

JAMES S. GETTY, Judge, Retired, Specially Assigned.

Mark Ivan Marshall was convicted on October 5, 1989, by the Circuit Court for Baltimore City (Kathleen O'Ferrall Friedman, J.) of rape in the first degree and of burglary. A motion for a new trial was denied, and appellant was sentenced to fifty years imprisonment as to the rape conviction and to five years imprisonment as to the burglary to be served concurrently with the first sentence.

The following three issues are before this Court for review: [1]

---

1. Appellant filed a motion requesting permission to file a supplemental brief, because his counsel allegedly did not include all of the issues appellant wished to raise on appeal. We have accepted the additional brief and considered the matters raised therein, all of which are without merit.

I.   Did the trial court err in allowing the appellee to present evidence of appellant's having shaved his pubic hair as indicative of consciousness of guilt?

II.  Did the trial court err in allowing the appellee to use appellant's prior conviction for indecent exposure to cross-examine appellant's psychiatric expert?

III. Did the appellee make improper reference to evidence of flight in violation of the court's ruling?

## FACTS

On September 18, 1987, at approximately 5:00 a.m., an assailant broke into the victim's Baltimore City apartment, stating that he had a knife and threatened to injure her if she did not submit to his sexual demands. The victim was raped, and her assailant fled after taking some money from the apartment. The victim called the police and gave them a description of her attacker. She then was transported to a local hospital for treatment. The appellant herein became a suspect in February 1988, after his identification in a similar case. Appellant was located after his arrest in Ohio in an unrelated case. He was returned in police custody to Baltimore and was subsequently identified by the victim in a lineup as her attacker. Appellant was charged with rape in the first degree and lesser offenses, deadly weapon violations, and burglary charges. As part of the State's effort to develop physical evidence in the case, a court order was obtained requiring various exemplars to be given by the appellant. A pubic hair sample could not be taken since the appellant had shaved his pubic hair prior to the date on which the sample was to be obtained.

## LAW

### I.

The appellant contends that it was error to let the State offer as evidence of consciousness of guilt the fact that the appellant had shaved his pubic hair while at the

Baltimore City Jail. Over objection, a police officer testified that Marshall had claimed that his purpose in shaving himself was to protect himself from lice at the jail. It is well settled that evidence of conduct of the accused subsequent to a criminal charge is admissible if relevant to prove a consciousness of guilt. *Pettie v. State*, 316 Md. 509, 560 A.2d 577 (1989). In *Pettie*, the Court of Appeals listed a number of cases in which evidence had been admitted that tended to show conduct probative of culpability. *Id.* at 519, 560 A.2d 577. Evidence has been admitted which tends to show the accused resisted arrest, *Bird v. United States*, 187 U.S. 118, 23 S.Ct. 42, 47 L.Ed. 100 (1902); took to flight and concealment prior to arrest, *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896); escaped or attempted to escape from custody, *Hunt v. State*, 312 Md. 494, 540 A.2d 1125 (1988); suppressed or destroyed evidence, *Hickory v. United States*, 160 U.S. 408, 16 S.Ct. 327, 40 L.Ed. 474 (1896); and concealed his identity, *Wright v. State*, 312 Md. 648, 541 A.2d 988 (1988).

Interference with police investigation is recognized as conduct which may evidence a consciousness of guilt. In *Myers v. State*, 48 Md.App. 420, 423–24, 427 A.2d 1061 (1981), the refusal to cooperate with fingerprinting was deemed admissible as evidence of consciousness of guilt. In *Sewell v. State*, 34 Md.App. 691, 693–94, 368 A.2d 1111 (1977), evidence was admitted that the accused had eaten a piece of paper which the police sought as evidence against him. The *Sewell* Court stated that "[v]arious modes of conduct have been held to be tacit admissions or evidence of the consciousness of guilt." *Id.* at 695, 368 A.2d 1111. Among them, the Court specifically cites *United States v. Franks*, 511 F.2d 25 (6th Cir.1975), where a co-defendant refused to provide an exemplar for comparison purposes when ordered by the court. There, the refusal to provide a voice exemplar was the basis for an instruction to the jury that such evidence might be considered as bearing upon consciousness of guilt insofar as that particular defendant was concerned. *Id.* at 35–36.

■ The appellant, however, argues that, even though the instant case involves lack of compliance with a court order requiring a sample as in *Franks*, the situation is substantially different for the following reasons: The State during trial was unable to prove whether the appellant shaved his pubic hair before or after the court order permitting the State to obtain pubic hair samples. Thus, there was not a specific refusal to comply with the court order, but merely a coincidental action taken by Marshall to further his personal hygiene. In our view, the evidence suggests that Marshall's actions may not have been merely a coincidence, but a calculated act. As previously stated, such evidence is not conclusive of the accused's "guilt in and of itself, [but] it is one of the factors to be considered in establishing guilt and consciousness of that guilt." *Bedford v. State*, 317 Md. 659, 664, 566 A.2d 111 (1989). We hold that the trial court did not err in finding that the evidence was not so prejudicial as to require its exclusion and the appellant was not thereby denied a fair trial.

■ The appellant finally asserts that the trial court erred in not affording him a hearing on the matter of relevance, so that the court could determine preliminarily if the shaving of the pubic hair was indeed probative, or if it could have been done for reasons not related to consciousness of guilt. A review of the transcript discloses that the appellant waived a review of this issue for failure to request such hearing. Md.Rule 8–131(a).

■ Even if the issue were not waived, appellant would not have a right to a relevancy hearing. The Court of Appeals in *Kosmas v. State*, 316 Md. 587, 560 A.2d 1137 (1989), held that, in matters of conditional relevance, the trial judge must determine whether there is any true controversy surrounding the preliminary fact. *Id.* at 600, 560 A.2d 1137; *see* L. McLain, *Maryland Evidence*, Sec. 104.2 (1987). In that case defendant was charged with the murder of his wife. The Court of Appeals held that evidence of the defendant's response on hearing about his wife's death

might be relevant and admissible, but only if the defendant had not previously been notified of his wife's death. *Id.* The court held that

> [i]n order to show that the conduct of the defendant was relevant, it was incumbent upon the State to show that the notification of the defendant ... was the first notice.... Given the circumstances, and in the absence of evidence to the contrary, perhaps one could reasonably assume the existence of the preliminary fact in question, i.e., that the police notification was indeed the first notice. However, as soon as there was evidence to the contrary, it was incumbent upon the trial judge to determine whether there was any true controversy surrounding the preliminary fact.... If indeed there was such a controversy—if the State denied that Maria's parents had called and accused the defendant before the police arrived—then the trial judge might have proceeded as he did, and allowed the jury to resolve the factual controversy.

*Id.* at 600–01, 560 A.2d 1137. In the case *sub judice*, there is, however, a controversy: Given the circumstances, and in the absence of evidence to the contrary, one could reasonably assume the existence of the preliminary fact in question, namely that Marshall shaved his pubic hair for reasons of personal hygiene. The State, on the other hand, proposed that Marshall shaved his pubic hair specifically to withhold from the police an exemplar. With this evidence to the contrary, the trial judge had to determine whether there was "any true controversy surrounding the preliminary fact." Since there existed a controversy, it was reasonable for the trial court to allow the jury to resolve the matter.

## II.

In a pre-trial ruling, the trial court allowed the State to examine the psychiatric witness for the defense as to Marshall's prior conviction for indecent exposure. During trial, defense counsel stated that he would not call his expert, because of the court's decision that the expert could

be cross-examined about Marshall's prior conviction. The alleged error in the court's pre-trial ruling on the motion *in limine* has not been preserved for appellate review, because appellant chose not to let the expert testify.

In *Jordan v. State*, 82 Md.App. 225, 231–34, 571 A.2d 238, *cert. granted*, 320 Md. 312, 577 A.2d 362 (1990), we held that an accused who elects not to testify has not preserved the propriety of a ruling *in limine. Id.* 82 Md.App. at 231, 571 A.2d 238. We ruled that the State's failure to prove compliance with "Miranda" rendered appellant's statement inadmissible in the State's case-in-chief. Yet, appellant elected not to testify; the statement, therefore, was never used in the case for any purpose. The fact that the appellant proffered that he would have testified but for the court's ruling did not preserve the issue. *Id.* at 234, 571 A.2d 238.

In *Luce v. United States*, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), the accused moved *in limine* to exclude the use of a prior conviction to impeach him should he elect to testify. When the court ruled the conviction admissible, the accused did not testify. In fact, he made no commitment that he would have testified had the motion been granted. The Supreme Court affirmed the Court of Appeals for the Sixth Circuit in holding that the ruling on the motion *in limine* was not reviewable. It pointed out:

> Any possible harm flowing from a district court's *in limine* ruling permitting impeachment by a prior conviction is wholly speculative.... When the defendant does not testify, the reviewing court also has no way of knowing whether the Government would have sought to impeach with the prior conviction.

469 U.S. at 41–42, 105 S.Ct. at 463, 83 L.Ed.2d at 447–48.

In the case *sub judice,* the possible harm flowing from the expert testifying is similarly speculative. Even though the psychiatric expert would supposedly have testified as to the appellant's pacifistic, non-violent nature, we have no way of knowing whether the appellee would have sought to

impeach the appellant with the prior indecent exposure conviction. Thus, we hold that the trial court's ruling on the motion *in limine* is not reviewable.

■ Even if the lower court's ruling were reviewable, we discern no clear abuse of discretion. "The examination of witnesses at a trial is left largely to the discretion of the trial judge and no error will be recognized unless there is a clear abuse of that discretion." *Trimble v. State*, 300 Md. 387, 401, 478 A.2d 1143 (1984). In *Trimble* the expert was a physician who testified on the issue of the accused's insanity. *Id.* at 399, 478 A.2d 1143. Furthermore, "a witness, whether a party to the action or not, may be cross-examined on such matters and facts as are likely to affect his credibility, test his memory or knowledge, show his relation to the parties or the cause, his bias, or the like." *Smith v. State*, 273 Md. 152, 157, 328 A.2d 274 (1974). Since the defense acknowledged that the witness was aware of the prior conviction, the prosecution was entitled to examine him to determine whether that knowledge affected his opinion.

### III.

■ The trial court granted a motion *in limine* precluding the State from presenting evidence that appellant fled the state after the commission of the crime. During trial, however, the court ruled that appellee could present evidence that Marshall was "laying low" in order to explain why it took so long for the victim to identify him. The court opined that this was not the same as "flight" evidence,[2] and counsel for Marshall offered no objection. Whether the motion *in limine* is made before trial or during trial, a court's ruling which has the effect of excluding contested evidence does relieve the party, as to whom

---

**2.** We suggest that "laying low," or more properly, "lying low," may very well connote an effort to avoid detection in the same manner as flight. If a distinction exists, arguably, it is a distinction without a difference.

the ruling is adverse, of the obligation of objecting when the evidence is actually offered. *Prout v. State*, 311 Md. 348, 356, 535 A.2d 445 (1988); Md. Rule 4–323(a). Thus, "the proponent's objection is preserved for review without any further action on his part." *Id.*

We need not decide, however, whether "laying low" is distinguishable from evidence of flight, because appellant agreed to the introduction of evidence of "laying low." In reply to the question of whether appellant's counsel would allow some leading in the prosecution's questions, appellant answered, "Yeah. Anything that doesn't say flight to Ohio." Thus, appellant was not relieved of objecting to the evidence of "laying low." "An objection to the admission of evidence shall be made at the time the evidence is offered or as soon thereafter as the grounds for objection become apparent. Otherwise, the objection is waived." Md.Rule 4–323(a). Such objection is also required during the prosecution's closing argument. "[A] complete lack of objection by trial counsel to the State's question on cross-examination or to the comments of the prosecutor in final argument" does not preserve the question for appellate review. *Leonard v. State*, 36 Md.App. 385, 387, 373 A.2d 1262 (1977). Defense counsel, moreover, offered no objection when, during closing argument, the prosecution twice commented to the jury that appellant had "laid low." We conclude, therefore, that appellant's third issue is waived.

JUDGMENTS AFFIRMED.

COSTS TO BE PAID BY APPELLANT.